GRABER, Circuit Judge,
concurring in part and dissenting in part:
I join the majority opinion, with the exception of Part D.2. I respectfully dissent from the holding that there was insufficient evidence from which the jury could have concluded that the entity Defendants were deliberately indifferent to the risk that Plaintiff would be harmed by a fellow inmate.
In Farmer v. Brennan, 511 U.S. 825, 841, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), the Supreme Court acknowledged that “considerable conceptual difficulty would attend any search for the subjective state of mind of a governmental entity, as distinct from that of a governmental official.” This case squarely presents that considerable conceptual difficulty.
We previously have acknowledged that certain types of evidence could show that an entity possesses subjective knowledge:
First, it is certainly possible that a municipality’s policies explicitly acknowledge that substantial risks of serious harm exist. Second, numerous cases have held that municipalities act through their policymakers who are, of course, natural persons, whose state of mind can be determined.
Gibson v. County of Washoe, 290 F.3d 1175, 1188 n. 10 (9th Cir.2002). But those two types of evidence are not the only kinds of evidence that can show such knowledge. Here, as the majority explains, state regulations applicable to the County identify the risk of the precise harm that befell Plaintiff in this case and mandate a particular audio-monitoring system in order to prevent that harm. I would hold, as a matter of law, that entities have actual knowledge of state regulations governing their conduct.
*358 The majority contends that such a holding impermissibly equates actual knowledge with constructive knowledge. Maj. op. at 353-54. It is true that the Supreme Court has written that, in actions against individuals and entities alike, a plaintiff must establish that the defendant possessed the “state of mind required to prove the underlying violation.” Bd. of Cnty. Comm’rs v. Brown, 520 U.S. 397, 405, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). But I do not think that the Court meant that we must ignore salient differences between individuals and entities. Because an entity does not have an actual mind, the question of what the entity “knows” is different from the question of what an individual “knows.” Cf. United States v. 7326 Highway 45 N., 965 F.2d 311, 316 (7th Cir.1992) (“As a legal fiction, a corporation cannot ‘know' like an individual ‘knows.’ ’’).[1] The majority persuasively explains why entities should be held to a higher standard than individuals when it comes to knowledge of the law governing their conduct. Maj. op. at 353-54. I would hold that where, as here, positive law applicable to the entity speaks directly to the risk of harm that befell a plaintiff, the entity defendant has the requisite knowledge of that risk to disregard it deliberately.
At the time of the attack at issue in this case, the Los Angeles County Code “adopted by reference and incorporated into ... the Los Angeles County Code as if fully set forth below” certain chapters of the California Building Code, including chapter 12, which includes the regulation requiring that sobering cells be equipped with an audio-monitoring system.[2] L.A. County Code, tit. 26, ch. 1, § 100 (2007). That incorporation was an affirmative act by the County’s legislative body. As explained above, I would not require such an affirmative act to show that an entity possesses the requisite knowledge to support a finding of deliberate indifference; I would hold, as a matter of law, that governmental entities, as distinct from individuals employed by those entities, know the statutes and regulations governing their conduct. But in this case, the County Council’s affirmative adoption of a regulation aimed at mitigating the risk to individuals housed in sobering cells provides even more evidence that the County knew of that risk. See Brown, 520 U.S. at 405-06, 117 S.Ct. 1382 (describing Owen v. City of Independence, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), and Newport *359 v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), as municipal liability cases involving “no difficult questions of fault” because they involved “formal decisions of municipal legislative bodies”).
For the foregoing reasons, I would affirm the jury’s verdict against the entity defendants. I therefore dissent from Part D.2.

. Were we writing on a blank slate, one possible resolution of the conceptual difficulty here would be to hold that entities cannot be held liable for constitutional violations when the underlying violation requires subjective intent. Indeed, the Supreme Court has taken that course in a different context. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 267, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) (holding that punitive damages cannot sensibly be assessed against a governmental entity because the entity "can have no malice independent of the malice of its officials”). But that option is not open to us, because the Supreme Court clearly has stated that municipalities can have subjective knowledge and intent for the purposes of § 1983 liability. See Brown, 520 U.S. at 405, 117 S.Ct. 1382 (holding that “proof that a municipality's legislative body or authorized decisionmaker has intentionally deprived a plaintiff of a federally protected right necessarily establishes that the municipality acted culpably”).

. Even though the county code provision was not in evidence in the district court, we may take judicial notice of it because it is "not subject to reasonable dispute” and “can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.” Fed.R.Evid. 201(b)(2); Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 (9th Cir.2006); see id. at 1026 n. 2 (holding that local ordinances are "proper subjects for judicial notice”).